Kimberly S. Trimble (SBN 288682)
Benjamin Koh (SBN 350712)
SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025
San Diego, California 92108
P: (619) 771-3473
F: (619) 255-1515
ktrimble@singletonschreiber.com
bkoh@singletonschreiber.com

Attorneys for Plaintiff Andrew Flemmings

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Andrew Flemmings,

Plaintiff,

v.

Yash Patel, David Barr, Andrew Bremer, Zachariah Butler, Audrey Cheng, Francis DiPietro, Sean Feazell, Shane Harris, Bryce Nielsen, Daniel Norman, and John Pickett,

Defendants.

Case No.:

**COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS**

**JURY TRIAL DEMANDED**

**(1) 42 U.S.C. § 1983 Fourth Amendment - Unlawful Search**

**(2) 42 U.S.C. § 1983 Fourth Amendment –Failure to Intervene/Integral Participants**

**Introduction**

1. On February 14, 2022, City of Orange police responded to a 911 call falsely accusing Plaintiff Andrew Flemmings of brandishing a firearm. Despite a lack of significant evidence supporting the accusation and an eyewitness's statement confirming that she never saw Flemmings brandish a firearm, multiple

officers held Flemmings at gun point when he voluntarily returned to the premises at their request. Mr. Flemmings did not immediately comply with their request to turn around and be handcuffed out of concern for his own safety. The officers arrested him for resisting, delaying, or obstructing a peace officer, a misdemeanor offense under California Penal Code § 148(a)(1).

2. After Flemmings was arrested for this misdemeanor, handcuffed, and securely in police custody, the officers unlawfully searched Flemmings' vehicle without his consent.

3. The City and County of Orange prosecuted Flemmings for this misdemeanor offense, subjecting him to a two-day criminal trial. Flemmings was ultimately acquitted of the sole charge brought against him.

4. The aforementioned unlawful search inflicted substantial emotional and economic harm on Flemmings.

**Jurisdiction and Venue**

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in this controversy arise under laws of the United States and the United States Constitution.

6. This Court has personal jurisdiction over all Defendants in this action, as all defendants are situated or domiciled in the State of California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in Orange, California, which is within the Central District of California.

**Parties**

6. Plaintiff Andrew Flemmings is an adult residing in Long Beach, California.

7. Defendant Yash Patel ("Patel") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

8. Defendant David Barr ("Barr") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement sergeant of the City of Orange Police Department.

9. Defendant Andrew Bremer ("Bremer") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

10. Defendant Zachariah Butler ("Butler") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

11. Defendant Audrey Cheng ("Cheng") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

12. Defendant Francis DiPietro ("DiPietro") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

13. Defendant Sean Feazell ("Feazell") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

14. Defendant Shane Harris ("Harris") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

15. Defendant Bryce Nielsen ("Nielsen") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

16. Defendant Daniel Norman ("Norman") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

17. Defendant John Pickett ("Pickett") was at all times material herein acting under color of law within the course and scope of his employment as a law enforcement officer of the City of Orange Police Department.

## Facts

### A. The Arrest

18. On February 14, 2022, City of Orange police officers were dispatched to the parking lot of an apartment complex in response to a 911 call falsely accusing Plaintiff Andrew Flemmings of brandishing a firearm.

19. When Officers Patel and Feazell arrived at the scene, Flemmings, unaware that police had been contacted, had already left. Officer Patel contacted Flemmings by phone, informed him of the firearm accusation, and requested that he return to give a statement.

20. Flemmings denied having a firearm but willingly agreed to return. Upon Flemmings' return, Officer Patel demanded he exit his vehicle with his hands up, stating he would have to "gun point" Flemmings. Certain of his innocence but fearful for his safety, Flemmings urged Officer Patel to view surveillance footage of the apartment complex and drove away without exiting his vehicle.

21. Thereafter, Officers Patel and Feazell entered the leasing office of the apartment complex where the leasing manager confirmed that she had personally witnessed the earlier interaction and did not see Flemmings ever brandish a firearm.

22. Upon leaving the leasing office, Officers Patel and Feazell noticed Flemmings, who had voluntarily returned to the parking lot and was seated in his truck. Officers Patel and Feazell drew their weapons and told Flemmings to exit

his vehicle. At the officers' request, Flemmings exited his vehicle with his hands up.

23. In response to a request for backup, eight more officers—Bremer, Butler, Cheng, DiPietro, Harris, Nielsen, Norman, and Pickett—arrived at the scene. With a total of ten officers now present and some pointing their weapons at Flemmings, he feared for his safety. Flemmings emphatically reiterated that he was not in possession of a firearm, but the officers kept their firearms aimed at him. Flemmings began desperately pleading for the presence of a supervisor.

24. Shortly thereafter, the officers' supervisor, Sergeant Barr, arrived at the scene. Flemmings complied with Barr's orders and submitted to being handcuffed.

25. Flemmings was seated away from his vehicle in the grassy area by the sidewalk in handcuffs, unable to reach his vehicle.

26. The officers then asked Flemmings for consent to search his vehicle, and Flemmings did not consent.

27. Flemmings was then arrested for violation of California Penal Code § 148(a)(1) for willfully resisting, delaying, or obstructing a peace officer lawfully performing or attempting to perform his duties as a peace officer, a misdemeanor.

28. After speaking with each other, Officer Patel then searched Flemmings' vehicle without a warrant and without his consent. No firearm was ever found.

29. Flemmings' arrest—for resisting, delaying, or obstructing a peace officer—provided no reasonable basis for Patel to believe that evidence of the offense could be present in the vehicle.

30. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett all had the legal duty and opportunity to

intervene to prevent the search, but they deliberately chose not to, despite their awareness of its unlawful nature.

31. After completing the search of Flemmings' vehicle, the officers then escorted Flemmings to a patrol car in handcuffs and drove Flemmings to the police station.

32. At the station, Flemmings was given a ticket explaining that he was being charged with a criminal offense.

33. Flemmings was then allowed to leave the station.

**B. The Criminal Trial for the Misdemeanor Offense**

34. Flemmings' criminal trial commenced on May 9, 2023, over a year after his arrest.

35. During the two-day trial, Patel testified that he had conducted a post-arrest search of Flemmings' vehicle without obtaining consent from Flemmings, after Flemmings had already been handcuffed, arrested, and secured in police custody away from the vehicle.

36. At the conclusion of Flemmings' trial on May 10, 2023, Flemmings was acquitted of the sole charge.

37. As an actual and proximate result of the foregoing actions by Defendants, Flemmings has suffered general and specific damages, including but not limited to economic harm, mental suffering, inconvenience, anxiety, humiliation, and emotional distress.

**Causes of Action**

**First Cause of Action**

**Unlawful Search – U.S. Const. Amend. IV (42 U.S.C. § 1983)**

(Against Defendant Patel)

38. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39. Officer Patel, acting under color of law, conducted an unreasonable and unlawful search of Plaintiff's vehicle.

40. The unlawful search of Plaintiff's vehicle subsequent to his arrest was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Plaintiff's Fourth Amendment right to be free from unreasonable government searches.

41. Specifically, Officer Patel's search of Plaintiff's vehicle was unreasonable and unlawful because, at the time of the search, Plaintiff had already been handcuffed, arrested, and secured in police custody, not within reaching distance of his vehicle nor the contents therein. Furthermore, there was no reasonable basis for Patel to conclude that evidence of the arresting offense of Penal Code section 148(a)(1) might be in the vehicle. *See Arizona v. Gant*, 556 U.S. 332, 351 (2009) ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.").

42. Officer Patel's actions were intentional, willful, and in reckless disregard of Plaintiff's constitutional right to be free from unreasonable government searches.

43. As a direct and proximate result of the above-mentioned unreasonable and unlawful conduct by Officer Patel, Plaintiff's constitutional right to be free from unreasonable government searches was violated.

44. In light of this constitutional violation, Plaintiff has suffered general and specific damages, including but not limited to mental suffering, inconvenience, anxiety, humiliation, and emotional distress. Plaintiff seeks monetary damages to compensate for his injuries in an amount to be determined at trial.

45. In performing the unconstitutional search described above, Defendant Officer Patel recklessly disregarded Plaintiff's constitutional rights. As such, Defendant Officer Patel's actions justify an award of punitive damages in an amount to be determined at the time of trial.

**Second Cause of Action**

**Failure to Intervene/Integral Participants – U.S. Const. Amend. IV (42 U.S.C. § 1983)**

(Against Defendants Sergeant Barr, and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett)

46. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

47. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett, all acting under color of law, each had the legal duty to intervene when Officer Patel was violating Plaintiff's constitutional rights. *See Tobias v. Arteaga*, 996 F.3d 571, 583 (9th Cir. 2021) ("By 2013, we had clearly established that 'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen'" and "[i]f an officer fails to intercede, 'the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who' performed the offending action.") (citations omitted).

48. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett observed, were aware, and/or had reason to know that an unlawful search of Plaintiff's vehicle was being conducted.

49. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett each had both the opportunity and the means to intervene to prevent the unlawful search of Plaintiff's vehicle from occurring.

50. Despite Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett having the opportunity and means to intervene, they chose not to intervene to prevent the unlawful search of Plaintiff's vehicle from occurring, and their failure to intervene resulted in the violation of Plaintiff's constitutional rights.

51. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett were integral participants in the unlawful search of Plaintiff's vehicle, in that they discussed the decision to search the vehicle after Plaintiff had denied consent and after arresting Plaintiff for the misdemeanor violation of California Penal Code § 148(a)(1) for willfully resisting, delaying, or obstructing a peace officer lawfully performing or attempting to perform his duties as a peace officer. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) ("'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation[,]"…[b]ut it does require some fundamental involvement in the conduct that allegedly caused the violation.") (citing *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004)); *accord Hernandez v. Hodges*, No. 20-CV-01183-AGT, 2023 WL 5336856, at *4 (N.D. Cal. Aug. 17, 2023) (allowing plaintiff "to proceed to trial on his integral-participant and failure-to-intervene theories as alternative theories of liability").

52. Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett's failure to intervene and/or integral participation was intentional, willful, and in reckless disregard of Plaintiff's constitutional right to be free from unreasonable government searches.

53. As a direct and proximate result of the above-mentioned unreasonable and unlawful conduct by Sergeant Barr and Officers Bremer, Butler, Cheng, DiPietro, Feazell, Harris, Nielsen, Norman, and Pickett, Plaintiff's constitutional right to be free from unreasonable government searches was violated.

54. In light of this constitutional violation, Plaintiff has suffered general and specific damages, including but not limited to mental suffering, inconvenience, anxiety, humiliation, and emotional distress. Plaintiff seeks monetary damages to compensate for his injuries in an amount to be determined at trial.

55. In failing to intervene and/or being an integral participant in the unconstitutional search described above, these defendants recklessly disregarded Plaintiff's constitutional rights. As such, defendants' actions justify an award of punitive damages in an amount to be determined at the time of trial.

**Prayer for Relief**

56. Plaintiff prays for judgment against Defendant as follows:

a. Judgment in favor of Plaintiff and against Defendants on all causes of action;

b. As to all causes of action, compensatory damages (including all special/economic damages and all general/non-economic damages) as permitted by federal law, in amounts to be determined at trial;

c. Punitive damages against the individual defendants, as permitted by federal law, and in an amount sufficient to deter and make examples out of these individuals, to be determined at trial;

d. Reasonable attorneys' fees, expenses, and costs of suit pursuant to 42 U.S.C. §§ 1983-1988, and any other relevant statutory and case law;

e. Interest according to the highest rate provided by law; and

f. Any and all such other and further relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby respectfully requests and demands a trial by jury under the Seventh Amendment on all causes of action and issues for which a trial by jury is available.

Respectfully Submitted

Dated: February 14, 2024

/s/ *Kimberly S. Trimble*
Kimberly S. Trimble
Attorney for Plaintiff
Andrew Flemmings